Filed 10/25/22  P. v. Nevarez CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDWARD NEVAREZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B313876<br>(Super. Ct. No. TA063973)<br>(Los Angeles County) |

Edward Nevarez appeals from a postjudgment order summarily denying his petition for resentencing under Penal Code[1] section 1172.6 (former § 1170.95).[2]  In 2011, appellant was convicted on two counts of first-degree murder (§§ 187, subd. (a), 189) with true findings on special-circumstance allegations that

---

[1] All statutory references are to the Penal Code unless otherwise noted.

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).

the crimes were committed during a robbery (§ 190.2, subd. (a)(17)(A)). The trial court summarily denied appellant's petition without appointing counsel after concluding that relief was barred by the jury's true findings on the special circumstance findings, which were made before our Supreme Court issued its decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*), and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). Appellant contends that this ruling was erroneous, and our Supreme Court recently so held. (*People v. Strong* (2022) 13 Cal.5th 698 (*Strong*).) Accordingly, we reverse and remand for the court to appoint counsel for appellant, issue an order to show cause, and hold an evidentiary hearing in accordance with section 1172.6, subdivision (d).[3]

### FACTUAL AND PROCEDURAL HISTORY[4]

Late at night on February 17, 2001, Enrique Hernandez and victims Anthony Esquer and Reynaldo Aguilar were drinking beer in Aguilar's parked SUV when appellant walked by with Andres Santana. Hernandez knew appellant and Santana as "Eric" and "Blanco," the monikers they used as members of the Lynwood Dukes gang. Hernandez had no trouble recognizing appellant because he had known him for 10 years.

When Hernandez left the SUV to buy more beer, appellant and Santana approached him and asked if he had any money.

---

[3] Appellant's petition for writ of habeas corpus will be considered in a separate order.

[4] The facts are derived from our prior opinion affirming the judgment against appellant. (*People v. Nevarez* (Mar. 18, 2013, B234857 [nonpub. opn.].) We also grant the People's request for judicial notice of the record in the prior appeal. (Evid. Code, § 459; Cal. Rules of Court, rule 8.252(a)(2)(C) & (D).)

Hernandez replied that he had $10, and appellant took the money from him.

Hernandez followed appellant and Santana as they walked back toward the SUV. When Hernandez reached the SUV, the driver's side door was open and appellant and Santana demanded money from Aguilar. The men started beating Aguilar, and Hernandez told them to leave him alone. Hernandez heard continued demands for money as the two men continued to beat Aguilar. Hernandez ran away after he saw a third man hiding behind the SUV holding an object in his hand. Hernandez looked back and saw that the third man had moved from the rear of the SUV to join appellant and Santana. Hernandez ran to a telephone booth and called 911.

When the police arrived, Aguilar and Esquer were both found lying on the ground covered in blood. Aguilar's wallet, ATM card, and wedding ring were missing. Lynwood Dukes gang graffiti was spray-painted on the ground near Esquer's body and on a vehicle parked near the SUV. Aguilar was pronounced dead at the scene. Esquer was transported to the hospital and was pronounced dead shortly thereafter. Autopsies later determined that they died from multiple blunt force head injuries inflicted with a hammer or a similar weapon. Aguilar suffered a total of 12 separate injuries to his head. Five of the injuries were skull fractures, each of which was independently life threatening. Esquer also had injuries to his clavicle area and lower legs that were consistent with having been repeatedly kicked or punched with a closed fist.

After making the 911 call, Hernandez returned to the scene and immediately identified appellant and Santana as the perpetrators. When Hernandez was interviewed the following

3

morning, he reiterated his identifications of appellant and Santana and selected each of their photographs from "six-pack" lineups.

In the days following the murders, someone sprayed Lynwood Dukes gang graffiti on the sidewalk near flowers that had been placed at the crime scene. Someone also attempted to use Aguilar's ATM card at 14 different locations without surveillance cameras.

Appellant fled to Mexico following the murders.[5] In June 2010, he was arrested in Mexico and brought to the United States pursuant to a federal warrant.

At trial, the prosecution's gang expert opined that the Lynwood Dukes are a criminal street gang and that the crimes were committed for the gang's benefit. In his defense, appellant presented expert testimony criticizing the fact that certain forensic evidence was not collected.

Following a jury trial in which the jury was instructed on theories of malice aforethought and felony murder, appellant was convicted on two counts of first-degree murder and one count of robbery (§ 211). The jury also found true allegations that the murders were committed during a robbery (§ 190.2, subd.

---

[5] Santana was arrested shortly after the crimes were committed. He was subsequently tried and convicted on two counts of first-degree murder and robbery, with true findings on robbery special-circumstance and gang enhancement allegations. He was sentenced to two consecutive life terms of life without the possibility of parole. On appeal, we struck 10-year enhancements that were erroneously imposed as to each indeterminate term under section 186.22 and otherwise affirmed. (*People v. Santana* (April 11, 2005, B167415) [nonpub. opn.].) The third assailant was never identified.

4

(a)(17)(A)), and that all three crimes were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). The trial court sentenced appellant to life without the possibility of parole.

On December 14, 2020, appellant filed a petition for resentencing under section 1172.6. The trial court summarily denied the petition without appointing counsel or issuing an order to show cause on the ground that appellant's prior special circumstance findings categorically barred him from obtaining relief under section 1172.6, notwithstanding that those findings were made before *Banks* and *Clark* were decided.

## DISCUSSION

Appellant contends the trial court erred in summarily denying his section 1172.6 petition on the ground that relief was categorically barred by the jury's special circumstance findings, made before *Banks* and *Clark*. We agree.

In finding the special circumstance allegations true, the jury necessarily found that appellant was a major participant in the robberies who acted with reckless indifference to human life. (§ 190.2, subd. (a)(17)(A).) In *Banks*, the Supreme Court subsequently identified factors to be considered in determining whether a defendant was a major participant in an underlying felony as contemplated in section 190.2. (*Banks*, *supra*, 61 Cal.4th at pp. 803-804.) In *Clark*, the Court also identified factors to be considered in determining whether a defendant has acted with reckless indifference to human life. (*Clark*, *supra*, 63 Cal.4th at pp. 617-622.)

While this appeal was pending, our Supreme Court resolved a split among the appellate courts by holding that "unless a defendant was tried after *Banks* was decided, a major participant finding will not defeat an otherwise valid prima facie

5

case. And unless a defendant was tried after *Clark* was decided, a reckless indifference to human life finding will not defeat an otherwise valid prima facie case" under section 1172.6. (*Strong, supra*, 13 Cal.5th at p. 721.) "Because [appellant's] case was tried before both *Banks* and *Clark*, the special circumstance findings do not preclude him from making out a prima facie case for resentencing under section 1172.6. The trial court . . . erred in concluding otherwise." (*Ibid.*) Accordingly, this matter must be reversed and remanded for the court to appoint counsel (*People v. Lewis* (2021) 11 Cal.5th 952, 961-967), issue an order to show cause, and hold an evidentiary hearing pursuant to section 1172.6, subdivision (d). (*Strong*, at pp. 709, 720.)

## DISPOSITION

The order summarily denying appellant's section 1172.6 petition is reversed. The matter is remanded for the trial court to appoint counsel, issue an order to show case, and hold an evidentiary hearing in accordance with section 1172.6, subdivision (d).

NOT TO BE PUBLISHED.


BALTODANO, J.

We concur:


GILBERT, P. J.


YEGAN, J.

6

Michael J. Shultz, Judge
Superior Court County of Los Angeles

_____

Elizabeth K. Horowitz, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.